**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:11-cv-02971-CMA-KMT

TOUCHSTONE GROUP, LLC, MARGRET GREENSPAN,
AND RONALD GREENSPAN,
On behalf of themselves and all others similarly situated,

                        Plaintiffs,

v.

DANIEL J. RINK;
TATUM, LLC;
ASTOR, WEISS, KAPLAN, & MANDEL LLP;
CHRISTOPHER FLANNERY, ESQ;
STEVEN GRANOFF, CPA;
KRASSENSTEIN & UNGER, LLC; AND
ESTILL & LONG, LLC

                        Defendants.

---

**FINAL ORDER GRANTING APPROVAL OF CLASS ACTION SETTLEMENTS, AWARDS OF ATTORNEYS' FEES AND EXPENSES, CLASS REPRESENTATIVES' INCENTIVE AWARDS AND DISMISSAL WITH PREJUDICE**

---

**AND NOW**, this 18th day of July, 2014, upon consideration of Plaintiffs' Motion for Final Approval of the Class Action Settlement, the Declaration of Anthony D. Shapiro in support thereof, and all accompanying Settlement Agreements, the accompanying Declaration of Josephine Bravata from Strategic Claims Services Concerning the Mailing of Notice of Class Action, Proposed Settlement, and Final Hearing on Settlement; and Class Counsels' Motion for Award of Attorneys' Fees, Expenses, and Incentive Awards for the Class Representatives, the accompanying Declarations of Patrick Howard and Anthony D. Shapiro in support thereof, the representations of all

counsel during the Fairness Hearing, and all other papers and proceedings herein, it is hereby **ORDERED** as follows:

1. This Court has subject matter jurisdiction over this action and personal jurisdiction over all parties to the Settlement Agreements.[1]

2. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreements.

3. The following Settlement Class, which was conditionally certified in the Order granting preliminary approval of the Settlements on March 21, 2013 (Doc. # 227), is certified for settlement purposes as follows:

> **ALL PERSONS OR ENTITIES WHO INVESTED IN ANY SECURITIES ISSUED OR PROMOTED BY MANTRIA CORPORATION OR SPEED OF WEALTH, LLC, OR ANY OF THEIR SUBSIDIARIES OR AFFILIATES SINCE SEPTEMBER 2007 AND INCURRED A NET LOSS OF THEIR INVESTMENTS (THE "SETTLEMENT CLASS").**
>
> **EXCLUDED FROM THE SETTLMENT CLASS ARE DEFENDANTS, MANTRIA CORPORATION, SPEED OF WEALTH LLC AND ANY OF THEIR OFFICERS, EMPLOYEES, OR AFFILIATES.**

4. This Court finds that certification of the Settlement Class is appropriate because:

    a. The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirement of Rule 23(a)(1);

---

[1] On December 21, 2012, the Court dismissed Astor, Weiss, Kaplan & Mandel, LLP, Krassenstein & Unger, LLC and Steven L. Granoff, CPA from this action pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. (Doc. # 121). With the consent of all parties to this action, the Plaintiffs filed an Amended Complaint on October 21, 2013 and added each previously dismissed party to the action. (Doc. # 186). For purposes of this settlement only, Astor, Weiss, Kaplan & Mandel, LLP, Krassenstein & Unger, LLC and Steven L. Granoff, CPA, have consented to the jurisdiction of this Court.

      b.      There are questions of law or fact common to the Settlement Class, satisfying the requirements of 23(a)(2);.

      c.      The claims of Class Representatives, Touchstone Group, LLC and Margret and Ronald Greenspan, are typical of the claims of the members of the Settlement Class, satisfying the requirements of Rule 23(a)(3);

      d.      The Class Representatives will fairly and adequately protect the interests of the Settlement Class, and they have retained Class Counsel qualified in litigating class actions, satisfying the requirements of Rule 23(a)(4); and

      e.      Questions of law or fact common to the members of the Settlement Class, as set forth above, predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3).

5.      If this Final Judgment and Order of Dismissal is set aside, materially modified, or returned by this Court on appeal, and it is not fully reinstated on further appeal, this Order shall be vacated and shall have no force or effect whatsoever.

6.      570 Class Notices were disseminated to Settlement Class Members pursuant to the Order Granting Preliminary Approval. In response, the Court received approximately sixteen objections to the terms of the proposed Settlement. The Court has carefully considered the objections and has OVERRULED them.

7.      For the reasons stated at the final fairness hearing held on July 18, 2014, the Court concludes that the proposed settlement is a fair, reasonable and adequate compromise of the claims asserted in this action as it relates to the Released Parties. The Court therefore approves the terms of all Settlement Agreements.

8. The Class Notice, the contents of which were previously approved by the Court, was disseminated both by first class mail and electronic mail, as well as posted on the Class Website in accordance with the procedures required by the Court's Preliminary Approval Order in accordance with applicable law. Plaintiffs, the Settlement Class and the Released Parties are bound by this Final Judgment and Order of Dismissal and by the Settlement Agreements.

9. The Court dismisses, on the merits and with prejudice, all claims currently pending before it against the Released Parties that are belonging to the Settlement Class who did not request exclusion from the class in the time and manner provided for in the Class Notice ("Settlement Class Members").  As of the Effective Date of the Settlement, the Class Representatives and the Settlement Class Members shall be deemed to hereby fully and irrevocably release, waive, and discharge the following Released Parties from all Released Claims (as defined in the Settlement Agreements): (1) Astor, Weiss, Kaplan & Mandel, LLP and Christopher P. Flannery; (2) Krassenstein & Unger, LLC and Steven L. Granoff; (3) Estill & Long, LLC; (4) Tatum, LLC; and (5) Daniel J. Rink.

10. Having reviewed Class Counsel's Motion for Attorneys' Fees, the Court awards Class Counsel reasonable attorneys' fees in the amount of 30% of the Settlement Fund for a total of one million eight hundred and fifteen thousand ($1,815,000) in addition to an award of actual expenses incurred in the litigation of $251,106.65.

11. Strategic Claims Services' ("Strategic Claims") request for payment for services provided in preparing and mailing the notice in the amount of $5,971.34 is

granted.  After Strategic Claims completes the administration of the settlement, and prior to mailing the settlement proceeds, Strategic Claims shall make an application to the Court via Class Counsel for payment for the balance of its services.  In no event, will that payment exceed $32,000.

12.	The Court awards Class Representatives, Touchstone Group, LLC, Margret Greenspan and Ronald Greenspan an incentive fee award of $2,500 each for a total of $7,500.

13.	Within 30 days of the Effective Date as defined in the Settlement Agreement, the Released Parties shall pay into the Escrow Account established by the Settlement Administrator the total amount of six-million fifty thousand dollars ($6,050,000) as follows: (i) Tatum, LLC and Rink shall deposit the total sum of five million one hundred thousand ($5,100.000.00); (ii) the Astor Weiss Parties shall deposit the total sum of seven hundred and fifty thousand dollars ($750,000.00); (iii) Estill & Long LLC shall deposit the total sum of one hundred thousand dollars ($100,000); and (iv) the Krassenstein Parties shall deposit the total sum of one hundred thousand dollars ($100,000.00).  The respective above-referenced deposits shall constitute the entire monetary consideration to be paid by or on behalf of the Released Parties in connection with this Settlement.

14.	After the deduction of Court awarded Attorneys' Fees and Costs to Class Counsel; payment of Notice Costs and Administration; and the Incentive Awards, the remaining balance ("Settlement Class Fund") shall remain in the Escrow Account until a final judgment is entered in the above captioned litigation as to all parties and the Claims Period deadline closes.  Once a final judgment is entered, the Settlement

Administrator shall mail a letter to each Class Member with their pro rata settlement share.  The pro rata distribution shall be determined based upon the forensic accounting prepared the Receiver and provided to Class Counsel demonstrating the amount of each Settlement Class Member's outstanding and unpaid investment in Mantria Corporation.  The Class Member will have thirty (30) days to return the letter confirming their investment amount and pro rata distribution *or* provide documents supporting a differing amount.  The Settlement Administrator will make the final determination on the appropriate amount of loss based on all available information.  Once that process is complete, the Settlement Administrator shall mail checks to each Class Member.  If any funds remain in the Escrow Account after 200 days from the first mailing, Class Counsel shall petition to the Court and provide suggested uses of the money, including re-distribution to class members or an award of cy pres.

15. The Settlement Agreements, acts performed in furtherance of the Settlement Agreements or the settlement set forth therein, and documents executed in furtherance of the Settlement Agreements or the settlement set forth therein may not be deemed or be used as evidence or an admission supporting:  (a) the validity of any claim made by one or more of the Class Representatives, Settlement Class Members, or Class Counsel; (b) any wrongdoing or liability of the Released Parties; or (c) any fault or omission of the Released Parties in any court, administrative agency or other proceeding.

16. The Settlement Agreements shall not be offered or be admissible in evidence against Released Parties or cited or referenced to in any action or proceeding, except in an action or proceeding that is in furtherance of its terms or to enforce its terms.

17. Without affecting the finality of this Final Judgment and Order of Dismissal in any way, the Court reserves continuing jurisdiction over the parties regarding the enforcement of the terms of the Settlement Agreements, including any and all tangential disputes that arise related to the litigation and/or the Settlement and its enforcement.

18. The Clerk is directed to enter the Final Judgment and Order of Dismissal pertaining to the Released Parties.

DATED: July 18, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge